**Electronically Filed
Supreme Court
SCAD-14-0000775
12-JUN-2014
08:42 AM**

SCAD-14-0000775

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

M. CORA AVINANTE,
Respondent.

---

ORIGINAL PROCEEDING
(ODC CASE NOS. 10-069-8903; 12-024-9040; 12-030-9046)

<u>ORDER OF SUSPENSION</u>
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of the Report and Recommendation of the Disciplinary Board of the Supreme Court of the State of Hawai'i, submitted to this court on April 18, 2014, for the imposition of, *inter alia*, a six month suspension upon Respondent M. Cora Avinante, and upon review of the stipulated facts and the evidence in the record, this court finds and concludes the following by clear and convincing evidence:

In Office of Disciplinary Counsel (ODC) Case No. 10-069-8903, Respondent Avinante, by depositing the client's $1,500.00 directly into her business account, rather than her client trust account, and applying $1,100.00 in unearned funds to

her own use and benefit, she breached her fiduciary duties to her client, commingled the client's funds with her own, and misappropriated a portion of those funds, in violation of Rules 1.15(a)(1), 1.15(c), and (d) of the Hawaiʻi Rules of Professional Conduct (HRPC).[1]  By failing to re-submit the motion for a divorce by publication for seven months, Respondent Avinante violated HPRC Rules 1.3 and 3.2.

In ODC Case No. 12-024-9040, when, on December 7, 2010, Respondent Avinante deposited directly into her business account rather than her client trust account the client's $2,000.00, and allowed the balance in her business account to fall below the amount belonging to the client thereafter, Respondent Avinante breached her fiduciary duties to the client, commingled the client's funds with her own, and misappropriated a portion of those funds, in violation of HRPC Rules 1.15(a)(1), (c) and (d). When, on February 7, 2011, Respondent Avinante deposited the client's payment of $1,000.00 directly into her business account, she breached her fiduciary duty to her client and commingled the client's funds with her own, in violation of HRPC Rules 1.15(a)(1) and (c).  When, on April 4, 2011, she deposited the final $1,000.00 payment from the client directly into her business account, Respondent Avinante breached her fiduciary duty

_____

[1]  All references to the HRPC are to the version in effect prior to January 1, 2014.

to her client and commingled the client's funds with hers, in violation of HRPC Rules 1.15(a)(1) and (c). Finally, by failing to file an amended CADS statement in the appeal to the Intermediate Court of Appeals, Respondent Avinante violated HRPC Rule 1.3.

In ODC Case No. 12-030-9046, when, on July 28, 2009, Respondent Avinante deposited the client's initial $2,800.00 payment in the uncontested divorce proceeding directly into her business account, she breached her fiduciary duty to the client and commingled funds, in violation of HRPC Rules 1.15(a)(1) and (c) and, by overdrawing her business account by $740.75 when her client had a claim to as much as $1,425.00, but a minimum of $325.00, in the account, she misappropriated the client's funds, in violation of HRPC Rules 1.15(c) and (d). By depositing, on September 4, 2009, a portion of the client's $5,000.00 payment for the appeal of his criminal conviction into her personal savings account and another portion ultimately into her business account, Respondent Avinante breached her fiduciary duties to the client, in violation of HRPC Rule 1.15(a)(1) and (c) and, by allowing the business account to become overdrawn by $784.47 on September 10, 2009 when, by her own estimation, the client had a claim to $2,850.00 in the account, Respondent Avinante misappropriated the client's funds, in violation of HRPC Rules 1.15(c) and (d). On November 2, 2009, when Respondent Avinante

3

deposited the client's $1,000.00 payment for the contested divorce representation directly into her business account, she breached her fiduciary duty to her client and commingled funds, in violation of HRPC Rules 1.15(a)(1) and (c). By allowing the balance in the business account to fall to $40.85, when, based on evidence in the record, the client had a claim to $600.00 in the account, Respondent Avinante misappropriated the client's funds, in violation of HRPC Rules 1.15(c) and (d). When Respondent Avinante deposited directly into her business account the client's $800.00 payment for drafting a memorandum in opposition to a motion for pre-decree relief in the divorce proceedings, she breached her fiduciary duty to the client and commingled funds, in violation of HRPC Rule 1.15(a)(1) and (c). By waiting until December 1, 2010 to provide the client with an accounting of the funds, requested on July 14, 2010, Respondent Avinante violated HRPC Rule 1.15(f)(3).

By certifying on her 2009 and 2010 bar registration materials that she managed client funds in accordance with Rule 11 of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH), when during that period she deposited unearned client funds directly into her business account, Respondent Avinante misrepresented the truth to the bar authorities, in violation of HRPC Rule 8.4(c).

In aggravation, we note Avinante's substantial

4

experience in the practice of law, the pattern of misconduct involving three separate clients and the multiple violations of the HRPC. In mitigation, we note Avinante's clean disciplinary record after 35 years of practicing law, her refund of the $5,000.00 criminal appeal fee to the client in ODC Case No. 12-030-9046, her cooperative attitude to an audit of her practice, her sincere expressions of remorse, the absence of a dishonest or selfish motive, her full, cooperative, and free disclosure to ODC and the Disciplinary Board, her volunteer work, and the letters attesting to her character. Therefore,

IT IS HEREBY ORDERED that Respondent M. Cora Avinante is suspended from the practice of law in this jurisdiction for 120 days, effective 30 days from the date of entry of this order, as provided by RSCH Rules 2.3(a)(2) and 2.16(c). At the conclusion of the 120-day period of suspension, Respondent Avinante may apply for reinstatement, as provided by RSCH Rule 2.17(b)(2). Respondent Avinante is reminded she may not resume the practice of law until reinstated by order of this court, pursuant to RSCH Rule 2.17.

IT IS FURTHER ORDERED that Respondent Avinante shall submit an affidavit demonstrating compliance with RSCH Rule 2.16(d) within 10 days after the effective date of her suspension.

IT IS FURTHER ORDERED that Respondent Avinante shall successfully complete, within 365 days after the date of entry of this order and at her own cost and expense, an audit of her practice by the Practicing Attorneys Liability Management Society (PALMS) or an equivalent program, which shall include a review of her practice in light of the Hawaiʻi Rules of Professional Conduct and the Hawaiʻi Rules Governing Trust Accounting. Respondent Avinante shall, within that 365-day period, submit proof of compliance with the resulting recommendations, said proof established through a subsequent review by the auditors, conducted three months after issuance of its initial recommendations. Failure to timely and successfully complete the audit and implementation of the recommendations may result in the imposition of an additional period of suspension, based upon a review of the record and any program reports.

IT IS FURTHER ORDERED that Respondent Avinante shall pay all costs of the proceedings, as approved upon a timely submission of a bill of costs, as authorized by RSCH Rule 2.3(c).

DATED: Honolulu, Hawaiʻi, June 12, 2014.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



6